## No. 25813

### The People of the State of Colorado v. Gilbert R. Fresquez
(526 P.2d 146)

Decided September 9, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Robert C. Lehnert, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Dorian E. Welch, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The defendant was convicted in the district court of theft of property valued in excess of $100, a felony. We reverse.

The testimony was in conflict. JoAnn Gallegos, the People's principal witness and a saleswoman for White Stores, Inc., testified as follows: that on November 26, 1971, around 2:30 to 3:00 p.m., she saw the defendant and another man enter the store; that she asked if she could help them and received a "just looking" response; that shortly thereafter, while waiting on another customer, she saw the defendant carry a portable television set out of the store; and that she observed the defendant fleeing in a car which was subsequently shown to belong to the defendant.

The defendant and Alfred Rodriguez, a friend of the

defendant, both testified that around 2:30 p.m. of the afternoon in question, the defendant, Rodriguez, and Rodriguez' son left the defendant's home and boarded a bus. At 2:45 to 3:00 p.m. they arrived at a methadone clinic where the defendant received treatment. The three departed for home within a half hour.

Defense witness Margaret McAllen, an administrative secretary and custodian of records at the methadone clinic, testified that her records showed that the defendant had received methadone at 3:30 p.m. on November 26, 1971. She also testified that the records showed that the defendant had given a urine sample that day, and that, in order to have given such a sample, the defendant would have had to have been at the clinic at least fifteen minutes prior to 3:30 p.m.

A police officer, being the People's rebuttal witness, testified that it had taken him eighteen minutes to drive from White Stores, Inc. to the methadone clinic.

During cross-examination of JoAnn Gallegos, defense counsel attempted to elicit testimony to the effect that the alleged crime could have occurred after 3:00 p.m. Upon objection by the People, the trial court cut off this line of inquiry and made a statement in the jury's presence which implied that the time element was not an important factor in the case. The defendant argues, and we agree, that this limitation of cross-examination constituted an abuse of the trial court's discretion.

The right of cross-examination is constitutionally guaranteed to all defendants. *Simms v. People,* 174 Colo. 85, 482 P.2d 974 (1971). A trial court, however, had discretion to determine the scope and limits of cross-examination, and, absent an abuse of discretion, the court's rulings will not be disturbed on review. *People v. Chavez,* 182 Colo. 216, 511 P.2d 883 (1973); *McCune v. People,* 179 Colo. 262, 499 P.2d 1184 (1972).

The primary defense in this case was one of alibi. Through the testimony of Margaret McAllen the defendant presented evidence that the defendant had been at the methadone clinic by 3:15 p.m. on the day of the alleged

crime. Another witness testified as to the specific driving time from the crime scene to the clinic. Thus it was of critical importance to the alibi defense that the defendant establish that the crime occurred at a time late enough so that it would have been improbable for him to have committed the crime and still have time to drive to the clinic by 3:15 p.m. It was during defense counsel's attempt to elicit testimony to the effect that the crime could have occurred after 3:00 p.m. that the court decided to cut off further cross-examination on this matter. We think this ruling is unfairly prejudicial to the defendant's alibi defense.

It appears that the McAllen testimony was credible. If the jury so found, then the time of commission of the offense was crucial. Conceivably, if thorough cross-examination had been permitted, the jury might have acquitted. We cannot foreclose the defendant from this possibility.

The foregoing is the only perceived reversible error.

The judgment is reversed and the cause remanded with directions to grant the motion for a new trial.