## No. 27782

### The People of the State of Colorado v. Dan Warren Reynolds

(578 P.2d 647)

Decided May 15, 1978.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Paul Q. Beacom, District Attorney, Duncan W. Cameron, Deputy, for plaintiff-appellant.

David R. Moffitt, for defendant-appellee.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

The appellee was charged in the district court with first-degree sexual assault[1] and was acquitted by a jury after trial. The People bring this appeal assigning as error the trial court's ruling that the complaining witness could not assert the statutory physician-patient privilege.[2] We disapprove the trial court's ruling.

---

[1] Section 18-3-402, C.R.S. 1973 (1976 Supp.).
[2] Section 13-90-107(1)(d), C.R.S. 1973 (1976 Supp.).

The complaining witness, Mrs. D., alleged that she had been raped in her home on December 24, 1976. After the incident, she called the police and was ultimately taken to a hospital, where she was met by her family physician. The doctor asked Mrs. D. about the incident and examined her for injuries.

At the appellee's trial, defense counsel called Mrs. D.'s physician as a defense witness. The prosecutor asserted the physician-patient privilege on behalf of Mrs. D., but the trial court rejected it, ruling as follows:

"[I]n a criminal case, if justice is served by an essential witness, a doctor-patient relationship . . . doesn't have any application. If the witness has essential testimony there is an automatic waiver by law."

The doctor then testified regarding what Mrs. D. had told him during the examination, including statements that she had not fought her assailant nor sustained bodily injuries. In addition, the doctor testified regarding Mrs. D.'s health and physical condition at the time of the incident. Mrs. D. had not communicated the substance of her conversation with the doctor to any third party, nor had any third party been present during the examination.

In this appeal, the People challenge the trial court's broad ruling that the physician-patient privilege does not apply if the physician is an "essential" witness in a criminal trial.

■ The physician-patient privilege exists in Colorado by virtue of statute. Section 13-90-107(1)(d), C.R.S. 1973 (1976 Supp.), states in part that "a phsician or surgeon duly authorized to practice his profession under the laws of this state, or any other state, shall not be examined without the consent of his patient as to any information acquired in attending the patient which was necessary to enable him to prescribe or act for the patient . . . ."

There is nothing in the language of this statute which provides or even suggests that the privilege it affords does not apply in criminal cases. Obviously, if the General Assembly had intended such a result, it would have been easy to express that intent.[3] Absent such language, we will not infer such a broad and conclusive exception to the privilege statute.

■ We do not hold or imply, however, that all information acquired by Mrs. D.'s doctor was necessarily inadmissible at trial. Under Colorado law, information acquired by a physician is privileged only if it was obtained "in attending the patient" and "was necessary to enable him to prescribe or act for the patient." Section 13-90-107(1)(d), *supra; Hanlon v. Woodhouse,* 113 Colo. 504, 160 P.2d 998 (1945); *Cook v. People,* 60 Colo. 263, 153 P. 214 (1915).

---

[3] Compare, for example, section 13-90-107(1)(a), which provides, regarding the husband-wife privilege, that it "does not apply . . . to a criminal action or proceeding for a crime committed by one against the other."

■ For this reason, before ruling on the prosecution's claim of privilege on behalf of Mrs. D., the trial court should have determined whether the particular information which defense counsel sought to elicit from the doctor was in fact necessary for treatment. Since in most cases resolution of that question will necessarily rest on the physician's opinion of the nature of the injury or illness and the treatment anticipated, this determination may in fact require disclosure of the privileged information itself. *See Quinn, The Physician-Patient Privilege in Colorado,* 37 *U. Colo. L. Rev.* 349 (1965). Therefore, an *in camera* hearing is normally appropriate to allow consideration of this preliminary fact question outside the presence of the jury. At the same time, the court can consider any claimed express or implied waiver of the privilege which might be asserted.[4]

■ Finally, in cases such as this where the evidence sought might be highly sensitive, personal and potentially embarrassing to a rape victim, yet not of any substantial probative value on the issues, the *in camera* hearing provides an appropriate setting for the court preliminarily to hear and rule on the relevance of any non-privileged information, or information as to which the privilege has been waived. At the *in camera* hearing the court may specifically prescribe the limits of any inquiry to be permitted in open court and may instruct counsel and witnesses regarding what particular questions and answers will or will not be allowed. Objections and offers of proof as necessary for the record may also be heard outside the jury's presence.

■ In sexual assault cases, the prospect of public disclosure of humiliating details of an incident may deter crime victims from reporting the crimes and testifying freely in court. Therefore it is critical that, where proffered evidence of this kind is irrelevant, it not be publicized by being elicited in the open courtroom. To that end, we recommend the foregoing procedure for the guidance of trial courts in the future.

Ruling disapproved.

---

[4] Although the briefs in this case discuss the waiver issue to some extent, we express no opinion on when or if such a waiver occurred in this case. The question is not presented by the evidence or procedural posture of the case.