## No. 79SA65

## The People of the State of Colorado v. John C. Calvaresi, George A. Turner, and Sarah Burnett

(600 P.2d 57)

Decided September 4, 1979. Rehearing denied October 9, 1979.

322

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Edward G. Donovan, Solicitor General, David K. Rees, Assistant Attorney General, for plaintiff-appellee.

James G. Johnston, for defendants-appellants, John C. Calvaresi and George A. Turner.

Wallace L. Vander Jagt, for defendant-appellant, Sarah Burnett.

*En Banc.*

JUSTICE ROVIRA delivered the opinion of the Court.

Defendants John Calvaresi, George Turner, and Sarah Burnett were convicted by a jury of violating the first-degree arson statute, section 18-4-102(1), C.R.S. 1973.[1] All three defendants appeal the trial court's ruling (1) admitting evidence of motive, (2) denying their motion for judgment of acquittal, and (3) giving an instruction on complicity. We affirm the trial court in each instance.

Burnett appeals the trial court's denial of her motion for reduction of sentence on the ground that her conviction and sentencing violated her right to equal protection under the Fourteenth Amendment to the United States Constitution. We affirm. She also seeks a new trial on the ground of inadequate representation of counsel. For the reasons set forth below, we do not consider the merits of this request.

The convictions arose with respect to the burning on October 11, 1976, of a Denver nightclub called the "Chez Paree." Burnett worked as a dancer for the club, Turner served as night bartender, and Calvaresi was night manager and son of the general manager and principal creditor of the club, Sam Calvaresi.

The People presented evidence that the three defendants were the last people to leave the Chez Paree on the morning of October 11 and they left together. Calvaresi testified that he had set the burglar alarm when he left the club. The records of the Denver Burglar Alarm Company indicate that the burglar alarm had been set at 12:48 a.m.

At about 1:00 a.m., a maintenance man discovered a fire at the club and notified the Denver fire department. By 1:14 or 1:15 a.m., the fire had been completely extinguished. Expert testimony was presented to the effect that the fire had lasted between 10 and 20 minutes, leading to the conclusion that it had begun, at the earliest, at 12:54 a.m. Evidence was also presented that the fire had been ignited by "trailers" of wax paper connected to alcohol-containing "fire seats," and that such "trailers" can be used as delay devices, and that the fire therefore could have been started prior to 12:48 a.m.

---

[1] Defendants were convicted pursuant to section 18-4-102(1) as in effect before July 1, 1977. The statute was amended by Colo. Sess. Laws 1977, ch. 224, 18-4-102 at 962, the amended version appearing as section 18-4-102(1), C.R.S. 1973 (1978 Repl. Vol. 8).

The People also presented evidence that the Chez Paree was in financial trouble. Its credit card privileges had been revoked, it had suffered net losses, and its lease had terminated, requiring relocation. The club was insured under a $65,000 insurance policy which defendant Calvaresi had sold to the Chez Paree in 1975 when he was in the insurance business.

I.

All three defendants objected at trial to the introduction of evidence that Calvaresi's father was the major creditor and general manager of the Chez Paree, that the club had been financially unsuccessful and had lost its lease, and that the club premises were insured. The trial court overruled this objection.

The People offered the evidence in question to show Calvaresi's motive for setting the fire in the Chez Paree. Defendants argue that the evidence is logically relevant only to the pecuniary interest of Calvaresi's father in receiving the proceeds from insurance on the club, and that it should therefore have been excluded on the issue of Calvaresi's motive.

Evidence of motive is admissible when relevant to the issue of guilt. *Candelaria v. People,* 177 Colo. 136, 493 P.2d 355 (1972). The basic test of the logical relevancy of evidence is "whether it renders the claimed inference more probable than it would be without the evidence." *Bush v. Jackson,* 191 Colo. 249, 552 P.2d 509 (1976). The evidence in question meets this test because it was offered in combination with testimony concerning the close business association between Calvaresi and his father and Calvaresi's desire to ensure the financial success of his father's investment in the Chez Paree. The evidence offered is logically relevant to the issue of Calvaresi's motive.[2]

II.

All three defendants moved at trial for judgment of acquittal on the grounds that the People's evidence was insufficient to sustain their convictions for first-degree arson. The trial court denied this motion. We affirm.

The issue before the trial judge on a motion for judgment of acquittal is whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and supports a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973). In this case, the People

---

[2] Defendants cite *People v. Mulligan,* 193 Colo. 509, 568 P.2d 449 (1977), as authority for the proposition that evidence of another's motive to commit a crime cannot be offered by the defendant to show his innocence, without proof that the other person also committed an act connecting him directly to the commission of the crime. However correct this may be as a statement of *Mulligan's* holding, the cited principle is inapplicable in the instant case. The evidence in question was introduced by the prosecution to show the *defendant's* motive rather than that of another party. As indicated in the text of this opinion, the evidence is logically relevant to that issue.

presented evidence showing that the fire in the Chez Paree was the result of arson, that the defendants were present at the club until at least 12:48 a.m. on the morning of October 11, that they had stayed at the club after all other employees had left, that the fire could have begun at approximately 12:54 a.m., and that the wax paper "trailers" and "fire seats" could have delayed the starting of the fire for at least six minutes after the wax paper was ignited. As discussed above, evidence was presented of Calvaresi's motive for the arson. It was also shown that Turner and Burnett must have walked through a room in the club containing "trailers" and "fire seats" in order to make their exit at 12:48 a.m. Nonetheless, at trial, each testified that he or she knew nothing about the starting of the fire. The People showed that Burnett had breakfast with Calvaresi at a downtown restaurant soon after their departure from the Chez Paree.

■ The substantial evidence presented meets the test of *Bennett, supra,* and *Jackson v. Virginia,* _____U.S. _____, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). A prima facie case is made out against Calvaresi as principal, and against Turner and Burnett as complicitors. The evidence supports the inferences that Turner and Burnett must have known that Calvaresi was employing the "trailers" and "fire seats" for the purposes of arson, and that they stayed at the Chez Paree after the departure of their fellow employees in order to assist him and to later provide him with an alibi. The fact that Burnett accompanied Calvaresi to breakfast immediately after their departure from the club also supports this latter inference. *People v. Larson,* 194 Colo. 338, 572 P.2d 815 (1977), establishes the following as the elements of complicity: (1) the principal must have committed the crime; (2) the complicitor must have had knowledge that the principal intended to commit the crime; and (3) having this knowledge, the complicitor must have in fact aided or encouraged, with the specific intent to so aid or encourage, the principal's commission of the crime.[3]

### III.

■ All three defendants appeal the trial court's decision to instruct the jury on complicity. Defendants argue that the evidence does not warrant the complicity instruction. However, as explained in Part II, the People's evidence was sufficient to survive a motion for judgment of acquittal as to all three defendants. When the evidence reflects that two or more persons jointly engaged in the commission of a crime, an instruction on complicity is appropriate. *McGregor v. People,* 176 Colo. 309, 490 P.2d 287 (1971).

---

[3] Burnett argues on this appeal that mere presence at the scene of the crime, even coupled with acquiescence in its commission, is insufficient to make out a prima facie case of complicity, citing *Quintana v. People,* 106 Colo. 174, 102 P.2d 486 (1940). We find it unnecessary to address this issue in light of the permissible inference that Burnett engaged in affirmative acts to aid in the commission of arson by Calvaresi, as explained in the text of this opinion.

The trial court gave an instruction consistent with sections 18-1-601 and 18-1-603, C.R.S. 1973. We affirm.

## IV.

Defendant Burnett moved, pursuant to Crim. P. 35(a), for reduction of sentence, claiming that her prosecution, conviction, and sentencing for a class 3 felony under the first-degree arson statute rather than for a class 4 felony under the third-degree arson statute, section 18-4-104(1), C.R.S. 1973, violated her right to equal protection under the Fourteenth Amendment to the United States Constitution. The trial court denied her motion. We affirm.

The first-degree arson statute under which Burnett was convicted,[4] section 18-4-102(1), C.R.S 1973, provided:

"(1) A person who intentionally sets fire to, burns, causes to be burned, or by the use of any explosive damages or destroys, or causes to be damaged or destroyed, any building or occupied structure of another without his consent commits first degree arson."

The third-degree arson statute, section 18-4-104(1), C.R.S. 1973, provides:

"(1) A person who, by means of fire or explosives, intentionally damages any property with intent to defraud commits third degree arson."

Burnett seeks to come within the rule of *People v. Calvaresi,* 188 Colo. 177, 534 P.2d 316 (1975). That case established that "where two statutes with unequal penalties proscribe the same act, the defendant convicted under the harsher statute is denied equal protection of the law."[5]

 However, in the instant case, the more serious first-degree arson statute contains an element not contained in the less serious third-degree arson statute. That element is the requirement that the property damaged or destroyed be a "building or occupied structure of another." Two post-1975 opinions of this court indicate that *Calvaresi, supra,* is inapplicable in the situation in which the more serious criminal statute contains such an additional element. *People v. Hulse,* 192 Colo. 302, 557 P.2d 1205 (1976), and *People v. Reynolds,* 195 Colo. 386, 578 P.2d 647 (1978). *See also People v. Brake,* 196 Colo. 575, 588 P.2d 869 (1979). We cannot say that the legislature's decision to provide a more serious penalty for intentionally burning a "building or occupied structure" than for intentionally burning "any property" is arbitrary or unreasonable. It certainly does not create a statutory distinction which is "not sufficiently

---

[4] See footnote 1, *supra.*

[5] In *United States v. Batchelder,* 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979), the United States Supreme Court held that where two statutes prohibit the same offense but the penalties are different, the prosecutor is free to proceed under either statute and that "different penalties for essentially the same conduct is no justification for taking liberties with unequivocal statutory language."

apparent to be intelligently and uniformly applied," within the constitutional prohibition of *Calvaresi, supra.* The legislature has a legitimate interest in discouraging acts which it deems to have greater deleterious social consequences by providing harsher penalties therefor. *People v. Czajkowski,* 193 Colo. 352, 568 P.2d 23 (1977).

V.

 Burnett seeks a new trial on the grounds of assertedly inadequate and ineffective representation by trial counsel. She did not raise this issue in her original motion for a new trial, or in the supplemental motion for a new trial filed by her present counsel. As a result, the issue has never been presented to the trial court.

 Grounds for a request for a new trial may not be raised for the first time on appeal, but must rather be preserved by appropriate motion in the trial court. *Morse v. People,* 168 Colo. 494, 452 P.2d 3 (1969); *Lucero v. People,* 158 Colo. 568, 409 P.2d 278 (1965). Accordingly, we do not consider the merits of Burnett's request for a new trial. Should she desire to do so, she may raise the issue of inadequate and ineffective representation at a hearing under Crim. P. 35(b), subsequent to this appeal. *People v. Herrera,* 188 Colo. 403, 534 P.2d 1199 (1975); *People v. Herrera,* 182 Colo. 302, 512 P.2d 1160 (1973).

The judgment of the trial court is affirmed.

JUSTICE LEE, JUSTICE ERICKSON and JUSTICE CARRIGAN do not participate.