The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Samuel Franklin RAY, Defendant-Appellant.

No. 79CA0544.

Colorado Court of Appeals, Div. III.

Dec. 31, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Susan P. Mele-Sernovitz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David C. Johnston, Paonia, for defendant-appellant.

BERMAN, Judge.

The defendant, Samuel Franklin Ray, appeals his conviction of two counts of arson. We affirm.

The record discloses the following facts. Defendant was engaged in the general practice of dentistry. On the evening of the fire he was at his office until 10:43 p. m. At 11:15 p. m. there was an explosion and the fire at the office was reported.

It is undisputed that the fire was the result of arson. The origin of the fire was a trail of gasoline and alcohol. A five gallon gasoline can was found at the scene of the fire. Defendant admitted to owning this can, but claimed that the gasoline was used in the lawn mower of the office building. The person who mowed the lawn contradicted this testimony.

Two theories were presented as to the source of ignition of the fire. An indirect theory of ignition, premised on the vapors of the gasoline and alcohol coming in contact with the pilot light of the heating system or the water heater and causing the explosion, was the explanation adopted by the Colorado Bureau of Investigation agents and considered as a distinct possibility by the insurance investigator. Under these circumstances, the explosion could occur from a minimum of 5 to 20 minutes to two or three hours after the fire trail was set. The theory favored by the insurance investigator was direct ignition of the gasoline. If this were the case, the arsonist would have to be present at the time of the explosion.

Further testimony adduced that the dental practice of the defendant was rapidly declining, and he was experiencing financial difficulties. An employee testified that the defendant was unable to pay his lab bills; some of which had been prepaid to him by patients. Other testimony showed that he owed patients money. Four days prior to the fire, the defendant stopped by the office of his insurance agent to make a payment on the money that had been prepaid by the insurance agent on the annual premium. This was contrary to the usual practice of the agent stopping by the office of the defendant to collect the payment.

Defendant was convicted by a jury of violation of § 18–4–103(1), C.R.S.1973 (1978 Repl.Vol. 8) for the arson of his dental office. He designates as error on appeal that there was insufficient evidence for his conviction, that motive evidence was improperly admitted, that the trial court erred by questioning the defendant's wife, and that the jury was improperly instructed.

I.

Asserting the insufficiency of the circumstantial evidence, defendant contends that the trial court erred in denying his motion for judgment of acquittal. We disagree.

■ The trial court here correctly applied the substantial evidence test when it ruled on the motion for acquittal. It was necessary that the trial court determine whether the evidence, when viewed in the light most favorable to the prosecution, was substantial and sufficient to support the conclusion by a reasonable mind that the defendant was guilty beyond a reasonable doubt. It is necessary that the court look at both the quality and quantity of the evidence and give full consideration to the right of the jury to determine the credibility of witnesses and to draw inferences of facts from the evidence. *People v. Swanson*, Colo., 636 P.2d 45 (1981); *People v. Downer*, 192 Colo. 264, 557 P.2d 835 (1976); *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973).

■ Here, there was sufficient evidence from which the jury could have inferred that defendant deliberately set the fire. The record discloses that the defendant had the opportunity to set the fire and because of his financial circumstances, the motive to set the fire. *See People v. Elkhatib*, Colo., 632 P.2d 275 (1981); *People v. Calvaresi*, 198 Colo. 321, 600 P.2d 57 (1979).

## II.

The defendant also contends that the admission into evidence of testimony that he owed money to his patients was irrelevant and prejudicial. Again, we disagree.

■ Evidence of motive is admissible when it is relevant to the issue of guilt. *Candelaria v. People*, 177 Colo. 136, 493 P.2d 355 (1972). The test to be applied is whether the inference that the defendant started the fire would be more probable than it would be without the evidence. *People v. Calvaresi, supra*. Here the challenged evidence is logically relevant to the defendant's motive and, when viewed in combination with other evidence, directly related to the issue of his guilt. *See People v. Elkhatib, supra*.

## III.

The defendant also identifies as prejudicial error the trial court's addressing questions to the defendant's wife at the close of her testimony. We find no such error.

The questions directed toward the defendant's wife elicited information as to the length of time the witness had known the defendant, the extent of her knowledge of the husband's financial difficulties, and what steps had been taken to dispose of personal property to meet outstanding financial obligations. This testimony occurred near the end of the day. Following the dismissal of the jury for the evening, defendant's attorney objected to the questioning at an *in camera* hearing. The next day the jury was instructed to disregard the questions and answers; these instructions were repeated in the final charge to the jury.

■ A trial court has the prerogative and, sometimes, the duty to question witnesses called by a party. Colorado Rules of Evidence 614(b); 1 *ABA, Standards for Criminal Justice* § 6–1.1 (2d ed. 1980) cited with approval in *People v. Adler*, Colo., 629 P.2d 569 (1981); *People v. Casias*, 43 Colo. App. 305, 603 P.2d 969 (1979). Such questions are not improper where the purpose is to develop more fully the truth and to clarify testimony already given. *See State v. Greenhaw*, 553 S.W.2d 318 (Mo.App.1976). The test to be applied in these circumstances is whether the trial court's conduct so departed from the required impartiality as to deny the defendant a fair trial. *Adler, supra*. We conclude that it did not.

## IV.

■ Defendant designates as plain error the trial court's instruction regarding the offense of arson in the second degree. Section 18–4–103(1), C.R.S.1973 (1978 Repl.Vol. 8). Defendant states that the trial court erred by instructing the jury that arson is committed if one "knowingly" sets fire to property of another. Defendant identifies the requisite culpable mental state as "intentionally." We disagree.

Section 18–4–103(1), C.R.S.1973, was amended effective July 1, 1977, changing the culpable mental state from intentionally to knowingly. Colo.Sess.Laws 1977, Ch. 224, § 18–4–103 at 962. The arson here occurred in October 1977. Therefore, the trial court was correct in its designation of knowingly as the culpable mental state.

The court in a later jury instruction identified arson as a specific intent crime. Where a trial court erroneously describes a mental state which is to the benefit of the defendant and the jury is also instructed on the correct mental state, that erroneous instruction is not plain error. *People v. Swanson, supra; People v. Founds*, Colo.App., 631 P.2d 1166 (1981).

Judgment affirmed.

KELLY and KIRSHBAUM, JJ., concur.