**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Terry Lynn ADAMS, Defendant-Appellant.**

**No. 83CA0154.**

Colorado Court of Appeals, Div. III.

Feb. 9, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dolores S. Atencio, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Dill, Dill & McAllister, Robert A. Dill, Denver, for defendant-appellant.

STERNBERG, Judge.

Following a trial to the court, the defendant, Terry Lynn Adams, and co-defendant, Edward Lee Neidrich, were convicted of attempted theft. Adams was placed on probation for two years, with 45 days to be served in county jail as a condition of probation, and he appeals. We affirm.

Adams' conviction was based on the attempted sale of a boiler furnace to Henry Hall in February 1981. Early on a Sunday morning Hall awoke to discover that his home was filled with the smell of gas and that his heating system was not working. He called the fire department, which ordered the house evacuated and shut off the electricity and gas. Hall then called the Public Service Company and an employee examined the furnace. He determined that the pilot safety switch was defective and recommended that Hall call a private heating contractor. Hall called Day and Night Heating Company, and later that day Adams and Neidrich of that company arrived to examine the furnace.

Neidrich told Hall that the safety switch could not be fixed because it was in violation of the Denver building code. He told Hall that he needed to replace the furnace, and offered to install one for approximately $4,000. He suggested that Hall call other companies to compare the price. Adams was present during the discussions. He nodded his head in agreement with Neidrich's diagnosis, and at one point examined the furnace and said, "It's shot. It's really shot."

Hall, an attorney, became suspicious after further inquiry indicated that the furnace could be repaired, and the safety switch replaced, for much less than $4,000. He contacted a neighbor, then the district attorney for the Second Judicial District,

who equipped Hall with a recording device. When Neidrich and Adams repeated the original diagnosis at Hall's home the next day and accepted $300 each as a down payment on the new furnace, they were arrested.

The defendants' motion for severance of their trials was denied, and they waived their right to a jury trial. At the trial, evidence was presented of two similar incidents involving defendants and homeowners.

## I.

■ We first consider Adams' argument that it was error to allow evidence of similar transactions to be offered against him without the strict observance of procedural and substantive safeguards. We find no error.

Generally, evidence of criminal activities other than that for which the accused is being tried is not admissible. *People v. Honey,* 198 Colo. 64, 596 P.2d 751 (1979). However, such evidence "may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." CRE 404(b).

Here, the People offered evidence of two similar incidents, one involving Adams and the other involving Neidrich, to show absence of mistake or accident, *i.e.,* to demonstrate the defendants had not merely been mistaken in advising Hall that he needed a new furnace. *See, e.g., People v. Mason,* 643 P.2d 745 (Colo.1982). Such evidence was relevant to show intent. *See People v. Honey, supra.*

The evidence tended to show that the two defendants had been involved in similar schemes. *See People v. Crespin,* 631 P.2d 1144 (Colo.App.1981). Further, there was similarity of character in the incidents, and all three incidents took place during the fall and winter of 1980–81. We find no error.

## II.

Adams also contends that the trial court erred in denying his request for a separate trial and in admitting statements made by co-defendant Neidrich without a prior showing of independent proof of a conspiracy between the co-defendants. *See* § 16–7–101, C.R.S. (1978 Repl.Vol. 8). We disagree.

■ "A motion for severance of defendants is addressed to the sound discretion of the trial court." *People v. Horne,* 619 P.2d 53 (Colo.1980). To establish abuse of discretion, more is required than a showing that separate trials might afford a better chance of acquittal. Mutual participation of defendants in an offense is considered a logical basis for refusing to sever. *See United States v. Jones,* 707 F.2d 1169 (10th Cir.1983).

■ The People did not offer the defendants' statements to prove a conspiracy, but rather, to show each defendant's complicity in the offense. *See* § 18–1–603, C.R.S. (1978 Repl.Vol. 8); *People v. Thompson,* 655 P.2d 416 (Colo.1982). The evidence that Adams nodded affirmatively to several statements made by Neidrich, and then made statements of his own was indicative of that complicity.

As to the statements made by either defendant when the other was not present, trial was to the court, and the court made it clear that it considered any statement offered only as evidence against the defendant who made it. The court also made it clear it was considering the similar transaction evidence only against the defendant who was involved in the previous incident. Thus, there was no error.

## III.

■ Adams contends the trial court erred by injecting itself unnecessarily into the plea bargaining process in suggesting that the defendants accept a plea bargain after the close of the prosecution's evidence, thus violating the rule in § 16–7–302(1), C.R.S. (1978 Repl.Vol. 8) that a trial judge not "participate in plea discussions." We disagree.

Although the statute bars the trial judge's participation in the plea negotia-

tions, if a tentative plea agreement has been reached which contemplates entry of a guilty plea in the expectation that sentence concessions will be granted, the trial judge may, upon the parties' request, learn the terms of the tentative agreement and the reasons therefor before the tender of the plea. Section 16–7–302(2), C.R.S. (1978 Repl.Vol. 8).

Here, the actual plea negotiations and the presentation of proposed plea agreements to the court do not appear in the record. And, under this state of the record we cannot conclude that the trial judge participated in plea discussions prior to a tentative agreement between counsel. Since the record does not disclose error, we will not presume it. *Cf. Schuster v. Zwicker*, 659 P.2d 687 (Colo.1983). This is not a situation where the court sought to coerce a defendant into accepting a plea bargain and forego his right to trial. *See People v. Clark*, 183 Colo. 201, 515 P.2d 1242 (1973).

## IV.

■ Adams next argues that the trial court erred in limiting his cross-examination of Hall regarding his motives, bias, and prejudice as a complaining witness. We disagree.

Adams' right of cross-examination is constitutionally guaranteed. *People v. Fresquez*, 186 Colo. 146, 526 P.2d 146 (1974). However, "[t]he scope and limits of cross-examination for impeachment and general credibility are within the discretion of the trial court and will not be disturbed absent an abuse of that discretion." *People v. Walker*, 666 P.2d 113 (Colo.1983).

Here, Adams' attorney questioned Hall regarding his motive for contacting his neighbor, the district attorney. Only when the questions became repetitive was he limited by the court in response to an objection. Adams' attorney also questioned Hall regarding the specifics of a conversation with Adams and the People objected, noting the exact conversation had been taped and admitted into evidence and detailed questioning was therefore unnecessary. Again, we find no error.

## V.

■ Finally, Adams argues the court erred in denying his motion for acquittal at the close of the People's case because there was insufficient evidence to support a guilty verdict against him. We disagree.

Analyzing the evidence and every reasonable inference which could fairly be drawn from it which supports the judgment, we conclude that a *prima facie* case was established against Adams, and his motion for acquittal was properly denied. *People v. Gonzales*, 666 P.2d 123 (Colo.1983).

The judgment is affirmed.

VAN CISE and METZGER, JJ., concur.