**The PEOPLE of the State of Colorado, Petitioner,**

v.

**DISTRICT COURT In and For the CITY AND COUNTY OF DENVER, Colorado and Honorable John N. McMullen, one of the judges thereof, Respondents.**

**No. 85SA343.**

Supreme Court of Colorado, En Banc.

June 2, 1986.

Norman S. Early, Jr., Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy, Andrew W. Loewi, Deputy Dist. Atty., Denver, for petitioner.

David F. Vela, Public Defender, Robin Desmond, Jeffrey S. Pagliuca, Deputy Public Defenders, Denver, for respondents.

Colorado Psychiatric Society, Joseph M. Epstein, Ending Violence Effectively, Charles Michaels, Denver, amicus curiae.

KIRSHBAUM, Justice.

In this original proceeding the People seek to prohibit a judge of the Denver District Court (respondent court) from enforcing an order compelling disclosure of a sexual assault victim's records of psychological treatment obtained subsequent to the sexual assault. We issued a rule to show cause and now make the rule absolute.

I

The defendant in *People v. Silva*, No. 85CR1404, a criminal case pending in the respondent court, is charged with first degree sexual assault.[1] The victim of the offense suffered emotional trauma and sought counseling treatment with an organization known as Ending Violence Effectively (EVE). The therapist assigned to her case worked under the supervision of a licensed psychiatrist, Dr. Jeffrey Corwin.

The defendant served the therapist with a subpoena duces tecum requesting production of the victim's treatment records. At

---

1. Section 18-3-402, 8 C.R.S. (1985 Supp.).

a hearing on the return of the subpoena, the prosecution objected to the production of the records, arguing that discovery of such records would violate the victim's psychologist-patient privilege established by section 13–90–107(1)(g), 6 C.R.S. (1985 Supp.). After an evidentiary hearing, the respondent court determined that although the statutory privilege applied and the victim had neither expressly nor impliedly waived the privilege, the defendant's constitutional right of confrontation "surmounts the statutory privilege...." Tr. at 36. The respondent court then ordered the records produced for *in camera* inspection and a determination by the court of what information would be relevant to the substantive issues in the case or to the credibility of the complaining witness. We conclude that the privilege established by the statute protects the victim from disclosure of her post-assault treatment records and that the respondent court exceeded its jurisdiction in granting the defendant's motion for discovery of those records.

## II

■ Initially, we note the general rule that pretrial discovery orders are interlocutory in nature and not reviewable in an original proceeding. We have, however, recognized an exception to the general rule when a pretrial discovery order will cause unwarranted damage through discovery of privileged medical records and such damage cannot be cured on appeal. *See, e.g., Bond v. District Court*, 682 P.2d 33 (Colo. 1984); *Clark v. District Court*, 668 P.2d 3 (Colo.1983). If the victim is wrongfully compelled to produce her psychological treatment records, the damage will occur upon the disclosure regardless of any ruling on appeal. We, therefore, determine it appropriate to exercise our original jurisdiction in this case.

## III

■ The respondent court contends initially that the psychologist-patient privilege, § 13–90–107(1)(g), is not applicable to the victim's treatment records because the victim's therapist was not a licensed psychologist and there was no written contract between EVE and Dr. Corwin, the therapist's supervisor. We disagree.

Section 13–90–107(1)(g), 6 C.R.S. (1985 Supp.), provides:

A licensed psychologist shall not be examined without the consent of his client as to any communication made by the client to him, or his advice given thereon in the course of professional employment; nor shall a licensed psychologist's secretary, stenographer, or clerk be examined without the consent of his employer concerning any fact, the knowledge of which he has acquired in such capacity; nor shall any person who has participated in any psychological therapy, *conducted under the supervision of a person authorized by law to conduct such therapy*, including but not limited to group therapy sessions, be examined concerning any knowledge gained during the course of such therapy without the consent of the person to whom the testimony sought relates.

(emphasis added). At the outset, we note that statutory privileges are strictly construed, *see Community Hospital Association v. District Court*, 194 Colo. 98, 570 P.2d 243 (1977), and the claimant of a privilege bears the burden of establishing the applicability of the privilege, *Williams v. People*, 687 P.2d 950 (Colo.1984).

The purpose of the statutory psychologist-patient privilege

is to enhance the effective diagnosis and treatment of illness by protecting the patient from the embarrassment and humiliation that might be caused by the [psychologist's] disclosure of information imparted to him by the patient during the course of a consultation for purposes of [psychological] treatment.

*Clark*, 668 P.2d at 8; *see Bond*, 682 P.2d 33; *People v. Taylor*, 618 P.2d 1127 (Colo. 1980); *Community Hospital Association*, 194 Colo. 98, 570 P.2d 243. The privilege is applicable in criminal and civil cases alike. *See People v. Reynolds*, 195 Colo. 386, 578 P.2d 647 (1978).

At a hearing on the defendant's subpoena for medical records, the victim's treating therapist testified that she was the co-founder and co-director of EVE, that she had been a practicing therapist since 1981, and that Dr. Corwin supervised the counseling staff of EVE. She also stated that Dr. Corwin's supervision consisted of initial consultations with the therapists on new cases, updating of cases as needed or every ninety days, visiting the clinic at least once a week and sometimes twice a week, and signing authorization forms for insurance reimbursement. The therapist stated that the victim had been in individual therapy for approximately two months and was seen on a weekly basis at EVE. The therapist also testified that she had consulted Dr. Corwin about the victim's treatment.

■ The respondent court concluded that Dr. Corwin was a person authorized by law to conduct such therapy within the provisions of section 13–90–107(1)(g). The evidence supports this conclusion. The evidence is undisputed that Dr. Corwin regularly visited EVE for the purpose of supervising therapists associated with the clinic, that he specifically supervised the therapist who treated the victim, and that he reviewed the specific therapeutic program administered to the victim. Whether Dr. Corwin's services were performed pursuant to a written or oral contract is immaterial. Certainly the statute contains no requirement that supervised therapy take place pursuant to a written contract, and there is no basis to infer such requirement from either the purpose or the language of the statute. Under these circumstances, we conclude that the psychologist-patient privilege, § 13–90–107(1)(g), is applicable to the therapist's records of the victim's treatment.

## IV

The respondent court next argues that the victim will waive her statutory privilege if she testifies at trial as to the specific facts of the alleged sexual assault. It is well settled that the psychologist-patient privilege may be waived and such waiver is, in fact, consent, express or implied, to the disclosure. *See Clark*, 668 P.2d at 8. The burden of establishing waiver is on the party seeking to overcome the claim of privilege. *Id.* As we noted in *Clark*, 668 P.2d at 8:

> A waiver must be supported by evidence showing that the privilege holder, by words or conduct, has expressly or impliedly forsaken his claim of confidiality with respect to the information in question.

(footnote omitted).

In *Clark*, 668 P.2d 3, we also observed that the mere filing of a pleading by a person protected by the psychologist-patient privilege in a case in which the person's mental condition may be an issue does not operate as a waiver. Rather, we stated:

> [T]he appropriate inquiry under such circumstances should be whether the privilege holder has injected his physical or mental condition into the case as the basis of a claim or an affirmative defense.

*Id.* at 10. Moreover, in *Franco v. District Court*, 641 P.2d 922 (Colo.1982), we observed that waiver of a personal privilege generally requires words or actions indicating an intent to forgo the specific protection granted by the privilege. In *Bond*, 682 P.2d 33, we applied those principles and concluded that the petitioners there had waived their psychologist-patient privilege by filing a personal injury action in which they sought damages for mental suffering and psychiatric treatment expenses. Although these cases arose in the context of civil litigation, the question of relevancy to an issue in the case is not altered because the holder of the privilege is a witness in a criminal case.

■ In this case, there is no basis to presume that by testifying at trial the victim will inject the issue of her post-assault mental condition into the case. The victim began her psychotherapy treatment subsequent to the charged sexual assault, and the defendant does not allege that the victim's post-assault mental condition is in

issue in this case. At this point, the victim has not acted in any manner which would permit the conclusion that she has waived her privilege with respect to her psychotherapy records.[2]

V

The respondent court also argues that the defendant's constitutional right to confront adverse witnesses must supersede the victim's rights under section 13–90–107(1)(g). We disagree.

Both the Colorado and United States constitutions declare that a defendant in a criminal prosecution has the right to confront adverse witnesses. *See* U.S. Const. amend. VI; Colo. Const. art. II, sec. 16. In *People v. Bastardo,* 191 Colo. 521, 554 P.2d 297 (1976), we stated that the essence of the fundamental right to confront one's accusers was to meet adverse witnesses face-to-face and to have the opportunity to cross-examine them. *Accord D.W. v. District Court,* 193 Colo. 194, 564 P.2d 949 (1977). The purpose of the right to confrontation and cross-examination is to prevent conviction by *ex parte* affidavits, to sift the conscience of the witness, and to test the recollection of the witness to determine if his or her story is worthy of belief. *Bastardo,* 191 Colo. 521, 554 P.2d 297; *People v. Scheidt,* 182 Colo. 374, 513 P.2d 446 (1973).

■ A defendant's right to cross-examination is not absolute, however. *See Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). In appropriate circumstances the trial court may exercise its discretion to limit cross-examination without violating the defendant's right of confrontation. *See People v. Fresquez,* 186 Colo. 146, 526 P.2d 146 (1974); *Simms v. People,* 174 Colo. 85, 482 P.2d 974 (1971). Thus, this court has upheld the trial court's authority to prohibit cross-examination on matters irrelevant to the issues at trial, *People v. Rubanowitz,* 688 P.2d 231 (Colo.1984); *People v. Loscutoff,*

661 P.2d 274 (Colo.1983), or to preclude repetitive and harassing interrogation, *People v. Schwartz,* 678 P.2d 1000 (Colo.1984); *People v. Bowman,* 669 P.2d 1369 (Colo. 1983), or to protect the witness from questions which merely harass, annoy or humiliate, *People ex rel. Dunbar v. District Court,* 177 Colo. 429, 494 P.2d 841 (1972). *See also People v. McKenna,* 196 Colo. 367, 585 P.2d 275 (1978) (rape-shield statute does not impermissibly deny defendant's right to confrontation); *People v. Pepper,* 193 Colo. 505, 568 P.2d 446 (1977) (witness' memory loss, even if feigned, did not violate defendant's confrontation right); *People v. Schuemann,* 190 Colo. 474, 548 P.2d 911 (1976) (cross-examination properly limited where questions would elicit a hearsay response).

■ At the hearing below, the defendant argued that because the victim might have told her therapist a different version of the events relating to the sexual assault than had been disclosed to police officials, access to the therapy records was necessary for full cross-examination of the victim. The vague assertion that the victim may have made statements to her therapist that might possibly differ from the victim's anticipated trial testimony does not provide a sufficient basis to justify ignoring the victim's right to rely upon her statutory privilege. In view of the strong policy embodied in the statute, the limitation it imposes on the scope of cross-examination is justified.

As we noted earlier, the purpose of the statutory psychologist-patient privilege is to aid in the effective diagnosis and treatment of mental illness by encouraging the patient to fully disclose information to the psychologist without fear of embarrassment or humiliation caused by disclosure of such confidential information. As the amici briefs filed in this case suggest, it is of paramount importance to assure a victim of a sexual assault that all records of any treatment will remain confidential unless

---

**2.** Further, we note the prematurity of this issue. At this time, we do not know whether the victim will testify, nor to what she would testify at the time of trial. Any decision on the merits of the issue at this time would, of necessity, be speculative.

otherwise directed by the victim. The knowledge that the alleged assailant would be entitled to discover these otherwise privileged documents could hamper a victim's treatment progress because of her unwillingness to be completely frank and open with the psychotherapist.

 In *Clark,* 668 P.2d 3, we held that once the psychologist-patient privilege attaches "the *only* basis for authorizing a disclosure of the confidential information is an express or implied waiver." *Id.* at 9 (footnote omitted) (emphasis added). The respondent court argues that the rule announced in *Clark* is inapplicable in a criminal case where the defendant has a countervailing constitutional right to confrontation. We find no support for this proposition. Parties to civil litigation also have a limited constitutional right to thoroughly cross-examine adverse witnesses. *See Carsell v. Edwards,* 165 Colo. 335, 439 P.2d 33 (1968); *Denver Symphony Association v. Industrial Commission,* 34 Colo.App. 343, 526 P.2d 685 (1974). Here, the defendant failed to make any particularized factual showing in support of his assertion that access to the privileged communications of the victim is necessary for the effective exercise of his right of confrontation.

As we have noted, the right of a party to cross-examine adverse witnesses must in some circumstances bow to other considerations.[3] There is a strong public policy interest in encouraging victims of sexual assaults to obtain meaningful psychotherapy. The defendant's constitutional right to confrontation is not so pervasive as to to place sexual assault victims in the untenable position of requiring them to choose whether to testify against an assailant or retain the statutory right of confidentiality in post-assault psychotherapy records. Accordingly, we conclude that where, as here, the victim has not waived

the privilege afforded her by section 13–90–107(1)(g), the defendant is not entitled to examine the victim's post-assault psychotherapy records or to have the trial court review such records *in camera* on the basis that the records might possibly reveal statements of fact that differ from the anticipated testimony of the victim at trial.

The respondent court, therefore, acted in excess of its jurisdiction in granting the defendant's motion for discovery of the victim's treatment records.

The rule to show cause is made absolute.

---

**3.** In framing our rule here, we reject the application of a balancing test. *Accord Clark,* 668 P.2d 3. In all cases, a victim's post-assault psychotherapy records are privileged and, absent waiver, a defendant may not compel their discovery. The respondent court relies on our decision in *Bond v. District Court,* 682 P.2d 33

(Colo.1984), in advocating use of a balancing test. However, in *Bond* we found that petitioners had waived their statutory privilege and under those circumstances we approved of the use of a balancing test to determine the propriety of a protective order pursuant to C.R.C.P. 26(c).