743 P.2d 432 (1987)
The PEOPLE of the State of Colorado, Petitioner,
v.
DISTRICT COURT In and For the CITY AND COUNTY OF DENVER, Colorado, the Honorable John Brooks, One of the Judges Thereof, and Anthony Santistevan, Respondents.
No. 87SA166.
Supreme Court of Colorado, En Banc.
October 5, 1987.
*434 Norman S. Early, Jr., Dist. Atty., Nathan B. Coats, Chief Appellate Deputy Dist. Atty., David J. Dansky, Deputy Dist. Atty., Denver, for petitioner.
Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Neil L. Tillquist, Asst. Atty. Gen., Denver, for respondents Dist. Court and Honorable John Brooks, One of the Judges Thereof.
David F. Vela, Colorado State Public Defender, Philip A. Cherner, Deputy State Public Defender, Denver, for respondent Anthony Santistevan.
VOLLACK, Justice.
The People seek relief in the nature of prohibition under C.A.R. 21, to prevent the district court from releasing records of the Denver Department of Social Services [hereinafter DSS] concerning a child named as a victim in the underlying prosecution of the defendant, Anthony Santistevan, for sexual assault on a child. We issued an order to show cause why defense counsel should not be prohibited from examining the records, and now make the rule absolute.

I.
The defendant was charged by information with sexual assault on a child pursuant to section 18-3-405, 8B C.R.S. (1986). The People contend that the defendant subjected A.S.B., a nine-year-old girl, to sexual contact while he was babysitting her. A.S.B. apparently informed her parents that the defendant had assaulted her and the parents contacted the police.
The defendant filed a motion pursuant to Colorado's "rape shield" statute, section 18-3-407, 8B C.R.S. (1986), requesting permission to present testimony about the victim's prior sexual conduct. Attached to this motion were several documents relating allegations made by the victim of previous sexual assaults by other persons. Also, in preparation for his defense, the defendant served the custodian of records for DSS with a subpoena duces tecum to produce any material in its possession relating to "abuse or possible abuse" of A.S.B. A hearing, at which DSS was represented by counsel, was held to discuss the release of the DSS records. The respondent court ordered that the records be submitted to the court to be kept in its custody. The court requested that the People notify the alleged victim's family in case they wished to exercise a privilege in the DSS records on behalf of the child. At the request of defense counsel and the prosecutor the court agreed to review the records.
DSS filed a motion to quash the subpoena duces tecum, claiming that the records were privileged under section 19-10-115(1), 8B C.R.S. (1986) and section 26-1-114(3)(a), 11 C.R.S. (1986 Supp.). A hearing on this matter was held on February 10, 1987. A.S.B.'s mother, M.B., appeared without counsel to object to disclosure of the DSS files. Counsel for DSS stated that there were two records relating to A.S.B. and her family, one dating back to 1977, and one relating to the alleged assault. DSS requested that the court inspect the records in camera to determine what documents would be relevant to this criminal case. On March 9, 1987, the respondent court ruled that the records were "privileged" and would not be disclosed. The defendant argued that section 18-3-411(5), 8B C.R.S. (1986), abrogated the privilege between victim-patient and physician. In response, the respondent court agreed to review the records once again.
On May 1, 1987, the respondent court advised the parties that it had reviewed the records for a second time and ruled that section 18-3-411(5) abrogated any privilege in the documents. The court ordered the release of the records in their entirety to *435 the defense counsel. The respondent court entered no findings as to the relevancy of the records to the sexual assault prosecution. The People filed this petition for relief in the nature of prohibition to prevent the release of the DSS records. Attached to the petition was an index of the DSS records, containing eighty entries from 1977 until the present, and documenting DSS's involvement with M.B. and A.S.B. The records include complaints against M.B. alleging neglect of A.S.B., entries concerning foster care placement for A.S.B., and eligibility applications for public assistance, as well as inquiry reports regarding the subject matter of the current prosecution. The actual DSS file is not before this court for review.

II.
Generally, pre-trial discovery orders are not reviewable by this court in original proceedings. However, we have recognized an exception to this rule when a pre-trial discovery order will cause unwarranted damage which cannot be cured on appeal. People v. District Court, 719 P.2d 722 (Colo.1986); Bond v. District Court, 682 P.2d 33 (Colo.1984). If part or all of the DSS file is protected from disclosure by statutory privileges, then the damage will occur upon its disclosure. Therefore, we exercise our original jurisdiction in the present case.

III.
In its ruling to allow disclosure of the entire DSS file on A.S.B., the respondent court relied solely on section 18-3-411(5), which states, "the statutory privilege between the victim-patient and his physician and between the husband and the wife shall not be available for excluding or refusing testimony in any prosecution of an unlawful sexual offense."[1] The respondent court apparently applied this statute to abrogate any statutory privilege which might apply to the DSS file. The People assert that this interpretation is incorrect, and we agree.
A legislative enactment must be given effect according to its plain and obvious meaning. People v. Owens, 670 P.2d 1233 (Colo.1983). Initially, we note that statutory privileges must be strictly construed and the claimant of a privilege bears the burden of establishing the applicability of the privilege. People v. District Court, 719 P.2d at 724. Section 13-90-107(1), 6 C.R.S. (1973 & 1986 Supp.), establishes the statutory privileges available for certain communications. By its language, section 18-3-411(5) applies only to "the statutory privilege between the victim-patient and his physician and between the husband and the wife." This statute eliminates the privileges provided under section 13-90-107(1)(a) (husband and wife) and (d) (patient and physician). Section 18-3-411(5) does not abrogate the other privileges created in section 13-90-107. If the General Assembly had intended section 18-3-411(5) to eliminate all the statutory privileges provided in section 13-90-107, it could have used the broad language required to express that intent. See People v. Reynolds, 195 Colo. 386, 578 P.2d 647 (1978). The DSS file on A.S.B. appears to contain a variety of reports that do not fit within the patient-physician privilege. Therefore, we conclude that the trial court erred in applying section 18-3-411(5) to release all the documents and reports contained in the DSS file.

IV.
The People assert that the district court abused its discretion by conducting an inadequate in camera review of the DSS records and that disclosure of the entire contents of the file was unwarranted by the district court's findings. We agree.
The courts have a duty to ensure that evidence which might tend to prove a defendant's innocence is not withheld from the defense. Cheatwood v. People, 164 Colo. 334, 435 P.2d 402 (1967). In light of *436 this duty, a court may be required to grant an accused access to confidential records in the interest of fairness.
The Child Protection Act of 1975 sets forth the standard by which confidential reports of child abuse may be disclosed. Section 19-10-115(1)(a) provides: "Except as provided in this section, reports of child abuse or neglect and the name and address of any child, family, or informant or any other identifying information contained in such reports shall be confidential and shall not be public information." Section 19-10-115(1)(a) thus makes child abuse records confidential, subject to the exceptions contained in section 19-10-115(1)(b) and (2)(a)(k). Section 19-10-115(1)(b) provides for disclosure "only when authorized by a court for good cause." Section 19-10-115(2)(f) allows access to child abuse records to
[a] court, upon its finding that access to such records may be necessary for determination of an issue before such court, but such access shall be limited to in camera inspection unlessthe court determines that public disclosure of the information contained therein is necessary for the resolution of an issue then pending before it; ...
In the case at bar, paragraph (2)(f) is the applicable exception to the rule of confidentiality where the court must decide whether to grant the defendant access to the DSS records or grant DSS's motion to quash.
Under section 19-10-115(2)(f), the party seeking access to the child abuse reports has the initial burden of showing the applicability of an exception to the statute's rule of confidentiality. Judkins v. Carpenter, 189 Colo. 95, 98, 537 P.2d 737, 738 (1975) (burden of proof rests upon party seeking to establish truth of a proposition). This provision requires that the party seeking access to the records initially show that the report sought "may be necessary for determination of an issue" in the case. The court should afford the party opposing the request an opportunity to rebut the moving party's arguments. If the court makes a finding, it should then conduct an in camera inspection of the material. As a result of such an inspection, the court must determine whether "public disclosure of the information contained therein is necessary for the resolution of [the] issue then pending before it." If an affirmative determination is made as to any of the material examined, the court should make such information available to the parties. If a negative determination is made, it should not. Copies of any material not so disclosed should be preserved for appellate review of the court's ruling.

V.
The People assert that certain items in the DSS file are covered by an absolute privilege under section 26-1-114, 11 C.R.S. (1986 Supp.), which applies to information concerning persons applying for or receiving public assistance and welfare. The file index provided by the People is inadequate for a determination of whether section 26-1-114 is applicable. Additionally, the trial court did not address this statute, having based its decision solely on section 18-3-411. We note, however, that the subpoena duces tecum served on DSS by the defendant specifically demanded "any and all records and reports of abuse or possible abuse" concerning A.S.B. Records relating to public assistance and welfare are therefore not within the scope of the subpoena.

VI.
The respondent court abused its discretion in ordering the release of the DSS records to defense counsel without making the necessary findings under section 19-10-115(2)(f).
The rule to show cause is made absolute.
NOTES
[1] For this case, the applicable definition of "unlawful sexual offense" is sexual assault in the first degree "when the victim at the time of the commission of the act is a child less than fifteen years of age." § 18-3-411(1), 8B C.R.S. (1986).