**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Robert Marc TAUER, Defendant–
Appellant.**

**No. 91CA0903.**

Colorado Court of Appeals,
Div. A.

Jan. 28, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., David R. Little, Special Asst. Atty. Gen., Denver, for plaintiff-appellee.

James F. Donaldson, Denver, for defendant-appellant.

Opinion by Judge PLANK.

Defendant, Robert Marc Tauer, appeals the judgment of conviction entered upon a jury verdict finding him guilty of sexual assault on a child. We affirm.

Three teenagers, all runaways from the Adolescent and Family Institute of Colorado (AFIC), were invited to an apartment by the defendant with two or three other men. One of the teenagers, the 14–year–old victim, testified that while she was at the apartment, defendant carried her into a bedroom and forcibly inserted two unknown objects into her vaginal canal. Evidence of sexual intrusion was corroborated by a physician's testimony that his physical examination of the victim shortly after the assault revealed evidence of forced sexual penetration.

Another teenager, age 16, testified to a sexual encounter with the defendant while at the apartment the same night. The 16–year–old witness testified that after the defendant repeatedly requested sex in return for letting the teenagers stay in the apartment, she agreed to have intercourse with him.

## I.

◼ Defendant first contends that the trial court erred by not allowing the defendant an opportunity to review mental health records of the victim relating to treatment she received before the alleged assault. We disagree.

A police officer investigating the case contacted a psychologist who had treated the victim at AFIC prior to the assault. The officer was told that the victim had made an allegation of sexual assault before, and had recanted the allegation.

Defendant sought these records to impeach the victim. However, the psychologist refused to give the police any records without a release from both the victim and the victim's mother.

In reaching its findings, the trial court conducted an *in camera* review of the pertinent documents and questioned the psychologist about some notations made in them. The trial court found that, pursuant to § 13–90–107(1)(g), C.R.S. (1987 Repl.Vol. 6A), the victim had a psychologist-patient privilege relative to any statements made during the course of her treatment by a mental health worker under the supervision of a licensed psychologist. The trial court further found that the privilege had not been waived by the psychologist's disclosures to the police officer, since only the victim could effectively waive the privilege. Thus, the trial court found that the defendant could not call the psychologist to impeach the victim, and it also refused to release a copy of the records to the defendant. The psychologist did not testify at the trial.

In *Clark v. District Court*, 668 P.2d 3, 8 (Colo.1983), the purpose of the statutory physician-patient privilege was explained:

> The purpose of the physician-patient privilege is to enhance the effective diagnosis and treatment of illness by protecting the patient from the embarrassment and humiliation that might be caused by the physician's disclosure of information imported to him by the patient during the course of a consultation for the purposes of medical treatment.

The same purpose applies to the psychologist-patient privilege. *People v. District Court,* 719 P.2d 722 (Colo.1986); *People v. Silva,* 782 P.2d 846 (Colo.App.1989).

■ Once the privilege applies, the only basis for allowing any disclosure of information is waiver by the person holding the privilege. Indeed, even when the defendant raises a constitutional right to confrontation, a balancing test between the patient's and the defendant's rights is inappropriate. "In framing our rule here, we reject the application of a balancing test. In all cases, a victim's post-assault psychotherapy records are privileged and, absent waiver, a defendant may not compel their discovery." *People v. District Court,* 719 P.2d at 727 (fn. 3).

We reject defendant's assertion that more is at stake here because he had some information that the victim may have made previous accusations of sexual assault and then recanted.

Even if, as defendant claims, the psychologist was an "essential witness" to his defense, the privilege still applies unless the holder, the patient, waives the privilege. *People v. Reynolds,* 195 Colo. 386, 578 P.2d 647 (1978).

Any indication or lead the defendant had that the victim may have made prior accusations came from the police officer's report, which contained information obtained in violation of the psychologist-patient privilege. The holder of the privilege should not suffer the consequences of either an accidental or intentional revelation of privileged matters by the treating professional. *See Stauffer v. Karabin,* 30 Colo.App. 357, 492 P.2d 862 (1971).

Finally, although here we are dealing with pre-assault records, and in *People v. District Court, supra,* the records sought were post-assault, we hold there is no meaningful distinction between privileged communications taking place before an alleged assault and those taking place after an alleged assault.

Upon reviewing *in camera* the records sealed by the trial court, we hold that the trial court was correct in determining that the victim had a valid psychologist-patient privilege, that she had not waived her privilege (either by a third party present during the communication, by a communication not in the course of treatment, or by a communication to someone not covered in the statute), and that the defendant was not entitled to access to the records.

## II.

■ Defendant also contends that the trial court erred by admitting irrelevant evidence when it allowed the 16–year–old witness to identify him as the individual she had consensual sexual intercourse with on the night of the assault. We disagree.

Defendant alleges that this testimony was irrelevant and highly prejudicial "bad character" evidence. We hold, however, that the evidence was admissible because it was part of and necessary to understand the entire alleged criminal transaction.

■ Generally, evidence of independent wrongdoing or bad acts is inadmissible. *People v. Spoto,* 795 P.2d 1314 (Colo.1990). Such evidence is admissible, however, when it is an integral part of the criminal transaction and may be needed for the fact finder to understand the context in which the alleged crime occurred. *People v. Czemerynski,* 786 P.2d 1100 (Colo.1990).

■ Absent a showing of abuse of discretion, a trial court's decision on the admissibility of evidence will not be reversed. *People v. Lowe,* 660 P.2d 1261 (Colo.1983). Here, while the trial court was uncertain whether the concept of *res gestae* had survived a recent decision of our supreme court, the trial court nevertheless found the testimony to be part of the criminal transaction:

> First, I find that the evidence regarding the conduct of the defendant with the young lady who was 16 or 15 years old at the time is clearly relevant. The evidence, at least taken in the light most favorable to the prosecution, is that the defendant was flashing his genitals, exposing himself, to these three girls before these events happened. If the victim is to be believed, he then took her

into a bedroom where he unclothed her and fondled her. She offered no physical resistance but made it clear this was something that she did not consent to.

The defendant then abandoned his efforts with her and later engaged in substantially the same kind of conduct with another of the girls, a girl who was 16, and that girl did not resist and ultimately consented to have sex with the defendant.

The record reflects that the 16–year–old witness' testimony about a sexual encounter with the defendant within hours of his alleged contact with the victim was part of the context of the criminal transaction. Further, defendant did not object to any of the testimony of the witness until, lastly, she was asked to identify the person with whom she had a sexual encounter with on the night in question. The defendant then objection to her identifying the party.

In his brief to this court, the defendant suggests that he did not object to the substantive testimony of the witness (that she had spent most of the night in the bedroom with someone) because that portion of her testimony made it less likely that the defendant had sexually assaulted the victim in the bedroom that night. We hold that the witness' identification of the defendant as the person with whom she had intercourse with was relevant and aided the jury in understanding the context of the alleged crime.

Hence, we conclude that no reversible error occurred.

The judgment is affirmed.

STERNBERG, C.J., and METZGER, J., concur.