Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE

**2016 CO 69**

**No. 16SA96, <u>Johnson v. People</u>—Criminal Law—Juvenile Law—Psychotherapist–Patient Privilege.**

This case raises two questions involving what a trial court may order when a juvenile seeks reverse-transfer of her criminal case from trial court to juvenile court. First, when a juvenile requests a reverse-transfer hearing, does she waive her psychotherapist–patient privilege, thereby authorizing a trial court to order her to produce privileged mental health records pursuant to section 19-2-517(3)(b)(VI), C.R.S. (2016)?  Second, does section 19-2-517(3)(b)(VI) give a trial court the power to order a juvenile to submit to a state mental health assessment?

As to the first question, the supreme court holds that, because nothing in the statute states that a juvenile waives her psychotherapist–patient privilege by requesting a reverse-transfer hearing, a trial court cannot order the juvenile to produce privileged mental health records.  As to the second question, the supreme court holds that, because nothing in the statute explicitly grants a trial court the power to order a mental health assessment, a trial court cannot order such an assessment.  The reverse-transfer statute only requires that the trial court consider mental health records "made available"—i.e.,

voluntarily waived by the privilege-holder—to the trial court and the parties. § 19-2-517(3)(b)(VI). Therefore, the supreme court makes its rule to show cause absolute and remands the case for further proceedings consistent with this opinion.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2016 CO 69

**Supreme Court Case No. 16SA96**
*Original Proceeding Pursuant to C.A.R. 21*
Douglas County District Court Case No. 16CR4
Honorable Paul A. King, Judge

### In Re

### Plaintiff:

The People of the State of Colorado,

v.

### Defendant:

Sienna Johnson.

### Rule Made Absolute

*en banc*
October 3, 2016

**Attorneys for Plaintiff:**
George H. Brauchler, District Attorney, Eighteenth Judicial District
Susan J. Trout, Senior Deputy District Attorney
  *Centennial, Colorado*

**Attorneys for Defendant:**
Douglas K. Wilson, Public Defender
Ryann S. Hardman, Deputy State Public Defender
Ara Ohanian, Deputy State Public Defender
Helen M. Hoopes, Deputy State Public Defender
  *Denver, Colorado*

**Attorneys for Amici Curiae Colorado Juvenile Defender Center and Colorado Behavioral Health Care Council**
Holland & Knight LLP
David R. Fine
Maxwell N. Shaffer
Sara C. Sharp
  *Denver, Colorado*

**CHIEF JUSTICE RICE** delivered the Opinion of the Court.
**JUSTICE BOATRIGHT** does not participate.

¶1 This case raises two questions involving what a trial court may order when a juvenile seeks reverse-transfer of her criminal case from trial court to juvenile court. First, when a juvenile requests a reverse-transfer hearing, does she waive her psychotherapist–patient privilege,[1] thereby authorizing a trial court to order her to produce privileged mental health records pursuant to section 19-2-517(3)(b)(VI), C.R.S. (2016)? Second, does section 19-2-517(3)(b)(VI) give a trial court the power to order a juvenile to submit to a state mental health assessment?[2]

¶2 As to the first question, we hold that, because nothing in the statute states that a juvenile waives her psychotherapist–patient privilege by requesting a reverse-transfer hearing, a trial court cannot order the juvenile to produce privileged mental health records. As to the second question, we hold that, because nothing in the statute explicitly grants a trial court the power to order a mental health assessment, a trial court cannot order such an assessment. The reverse-transfer statute only requires that the trial court consider mental health records "made available"—i.e., voluntarily waived by the privilege-holder—to the trial court and the parties. § 19-2-517(3)(b)(VI). Therefore, we make our rule to show cause absolute and remand the case for further proceedings consistent with this opinion.

---

[1] We use the term "psychotherapist–patient privilege," to broadly apply to all psychotherapy privileges—e.g., psychologist-patient privilege, professional counselor-patient privilege, social worker-patient privilege, etc. See § 13-90-107(g), C.R.S. (2016).

[2] We use the term "mental health assessment" to cover all mental health or psychological screenings or assessments.

# I. Facts and Procedural History

¶3 The district attorney directly filed a criminal complaint against Defendant Sienna Johnson in trial court, treating her as an adult and charging her with two counts of conspiracy to commit first-degree murder. Johnson requested a reverse-transfer hearing under section 19-2-517(3), seeking the transfer of her case to juvenile court. The trial court granted her hearing request.

¶4 Arguing that section 19-2-517(3)(b)(VI) ("the reverse-transfer statute") requires a trial court to evaluate Johnson's mental health, the district attorney filed a motion requesting (1) access to Johnson's mental health and psychological records and (2) a court-ordered mental health assessment. Johnson responded that (1) she should not have to produce her mental health records because she had not waived her psychotherapist–patient privilege ("the privilege") by requesting a reverse-transfer hearing, and (2) the reverse-transfer statute does not give the trial court authority to order a mental health assessment.

¶5 The trial court ruled for the prosecution on both counts. First, the trial court found that, under the reverse-transfer statute, when a juvenile requests a reverse-transfer hearing she waives all privilege in existing mental health and psychological records and must produce those records for the court and prosecution. Second, the trial court found that, also under the reverse-transfer statute, when a juvenile requests a reverse-transfer hearing the trial court may order her to submit to a "mental health or psychological assessment or screening" by a state doctor, regardless of whether the juvenile plans to present any mental health evidence at the reverse-transfer hearing.

4

¶6 Johnson petitioned this court for relief under C.A.R. 21, arguing that the trial court lacked authority to order her to (1) release her past psychotherapy and mental health records and (2) submit to a state-administered mental health screening. We issued a rule to show cause why the trial court's order should not be vacated.

## II. Original Jurisdiction

¶7 "This court will generally elect to hear C.A.R. 21 cases that raise issues of first impression and that are of significant public importance." People v. Steen, 2014 CO 9, ¶ 8, 318 P.3d 487, 490. This case raises two issues of first impression regarding reverse-transfer proceedings. Furthermore, these issues are of significant public importance because they are likely to be implicated in future juvenile proceedings.

¶8 This court also has discretion to exercise original jurisdiction under C.A.R. 21 when "a remedy on appeal would prove inadequate." People v. Sisneros, 55 P.3d 797, 799 (Colo. 2002). When a party "is wrongfully required to disclose confidential records, the damage will occur upon disclosure, regardless of any ruling on appeal." Id. Therefore, original jurisdiction is appropriate in this case.

## III. Standard of Review

¶9 The interpretation of the reverse-transfer statute is a question of law, which we review de novo. See Bostelman v. People, 162 P.3d 686, 689 (Colo. 2007).

## IV. Analysis

¶10 Under section 19-2-517(1), district attorneys have the power to direct file adult criminal charges against a juvenile. After a district attorney has direct filed against a juvenile, the juvenile can request a reverse-transfer hearing—seeking transfer of the

case to juvenile court—pursuant to section 19-2-517(3). After a juvenile requests a reverse-transfer hearing, the trial court "shall consider" eleven factors to decide whether it should reverse-transfer the case to juvenile court. See § 19-2-517(3)(b). Of those factors, one forms the basis of this appeal: Section 19-2-517(3)(b)(VI) ("the reverse-transfer statute") states that the trial court shall consider "[t]he current and past mental health status of the juvenile as evidenced by relevant mental health or psychological assessments or screenings that are made available to both the district attorney and defense counsel." Here, we first consider whether a juvenile waives the psychotherapist–patient privilege ("the privilege") by requesting a reverse-transfer hearing pursuant to the reverse-transfer statute. Next, we consider whether, also pursuant to the reverse-transfer statute, a trial court may order a juvenile who requested a reverse-transfer hearing to submit to a mental health or psychological assessment or screening by a state doctor.

## A. Section 19-2-517(3)(b)(VI) does not give the trial court power to order a juvenile to produce mental health records.

¶11 Johnson argues that her request for a reverse-transfer hearing did not constitute a waiver of her privilege. We agree. Colorado's psychotherapist–patient privilege provides that a psychotherapist "shall not be examined without the consent of" the patient "as to any communication made by the client to the [psychotherapist]." § 13-90-107(1)(g), C.R.S. (2016). To demonstrate that the patient consented to the release of privileged information, the opposing party must make "an evidentiary showing that

6

the privilege holder expressly or impliedly has given up any claim of confidentiality as to communications with the psycho[therapist]." Sisneros, 55 P.3d at 800.

¶12 "To determine whether there was a waiver, the proper inquiry is not whether the information sought may be relevant." Id. at 801. "Instead, the proper inquiry is whether the victim has injected her physical or mental condition into the case as the basis of a claim or an affirmative defense." Id. As we noted in Sisneros, a finding that a party waives the privilege should not be made lightly:

> The relationship between therapist and patient must be confidential. The possibility that documents relating to treatment may later be obtained in discovery decreases the likelihood that a victim will seek treatment, let alone be willing to reveal intimate details during treatment. The mere threat of disclosure destroys the sanctity of the psychologist-patient relationship. For this reason, we will not hastily find an implied waiver of the privilege in this type of situation.

Id. at 802.

¶13 This framework makes plain that a juvenile does not waive the privilege when she seeks a reverse-transfer hearing because she has not "injected her physical or mental condition into the case." See id. at 801. The reverse-transfer statute only requires that the trial court consider mental health records "made available"—i.e., voluntarily waived by the privilege-holder—to the trial court and the parties. § 19-2-517(3)(b)(VI).

¶14 Furthermore, because the privilege is so important, the General Assembly explicitly states when a party waives her privilege. See § 16-8-103.6(2)(a), C.R.S. (2016) ("A defendant who places his or her mental condition at issue by pleading not guilty by reason of insanity . . . waives any claim of confidentiality or privilege as to communications made by the defendant to a physician or psychologist in the course of

7

an examination or treatment . . . ." (emphasis added)); see also § 13-90-107(1)(d) (listing specific ways a patient waives the physician-patient privilege).

¶15 When a juvenile requests a reverse-transfer hearing, the statute only requires that the trial court consider "relevant mental health or psychological assessments or screenings that are made available to both the district attorney and defense counsel." § 19-2-517(3)(b)(VI) (emphasis added). Nothing in that statutory language constitutes a waiver, implied or express, of a juvenile's privilege. If privileged information is not "made available" by the privilege-holder, nothing in the statute gives the trial court the power to force a party to disclose privileged information.

¶16 Accordingly, we hold that when a juvenile requests a reverse-transfer hearing, she does not waive her psychotherapist–patient privilege. Therefore, the trial court erred when it ordered Johnson to release her past mental health records.

¶17 We now turn to the second issue, whether the reverse-transfer statute gives a trial court the power to order a state-administered mental health assessment when a juvenile requests a reverse-transfer hearing.

### B. Section 19-2-517(3)(b)(VI) does not give the trial court power to order a juvenile to submit to mental health screening.

¶18 Johnson argues that the trial court lacked authority to order her to submit to a state-administered mental health evaluation. We agree. Just as a juvenile has a significant interest in preserving the confidentiality of past mental health records, a juvenile also has a significant interest in the confidentiality of future mental health records. And, similar to the release of past mental health records, nothing in the

8

reverse-transfer statute authorizes a trial court to order a juvenile to submit to a state-administered mental health evaluation.

¶19 Similar to the release of privileged mental health records, see supra Part IV.A, when the General Assembly intends to give a court the power to order a mental health screening, it does so explicitly. See, e.g., § 16-8-103.7(2)(a), C.R.S. (2016) (stating that, when a defendant raises the defense of insanity, "the court shall order an examination of the defendant with regard to the insanity defense"); § 19-1-104(3)(a), C.R.S. (2016) ("Upon hearing after prior notice to the child's parent, guardian, or legal custodian, the court may issue temporary orders providing for . . . psychological evaluation or psychological treatment . . . .").[3]

¶20 Here, the reverse-transfer statute requires only that the trial court take into account "relevant mental health or psychological assessments or screenings that are made available to both the district attorney and defense counsel." § 19-2-517(3)(b)(VI). This language refers only to existing assessments. It does not give the trial court the power to order a new mental health assessment. If the General Assembly intended to grant such a power to a trial court, it would have done so explicitly.

---

[3] There are narrow, non-statutory situations where a trial court can order involuntary mental or physical health examinations. See, e.g., People v. Chard, 808 P.2d 351, 353–56 (Colo. 1991) (holding that, after conducting a balancing test, a trial court can order a victim to undergo an involuntary mental or physical examination). However, none of those situations is present in this case.

¶21    Accordingly, we hold that the reverse-transfer statute does not authorize the trial court to order a juvenile to undergo a mental health assessment. Therefore, the trial court erred when it ordered Johnson to submit to a mental health assessment.

## V.  Conclusion

¶22    We conclude that nothing in section 19-2-517(3)(b)(VI) gives a trial court the power to order a juvenile to release privileged mental health records or submit to a mental health assessment. Therefore, we make our rule to show cause absolute and remand the case for proceedings consistent with this opinion.

**JUSTICE BOATRIGHT** does not participate.