Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
October 3, 2016

**2016 CO 68**

**No. 16SA94, <u>Higgins v. People</u>—Criminal Law—Juvenile Law—Psychotherapist–Patient Privilege—Constitutional Law.**

This companion case to <u>People v. Johnson</u>, 2016 CO 69, __ P.3d __, raises two questions.  First, does a trial court have statutory authority to order a juvenile charged as an adult to undergo a state-administered mental health assessment for a reverse-transfer proceeding?  The supreme court answered that question in the negative in <u>Johnson</u>, but does not answer that question here because it is hypothetical—the question is not based on the facts of this case.  Second, is a trial court required, before a mental health assessment, to provide a juvenile with warnings based on the Fifth Amendment right against self-incrimination?  The supreme court does not answer that question either, because (1) Higgins consented to the evaluation while represented by counsel, and (2) any claims that ineffective assistance of counsel vitiated Higgins's consent are premature.  Therefore, the supreme court vacates the order to show cause and remands the case for further proceedings.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2016 CO 68

**Supreme Court Case No. 16SA94**
*Original Proceeding Pursuant to C.A.R. 21*
Douglas County District Court Case No. 16CR28
Honorable Paul A. King, Judge

**In Re**

**Plaintiff:**

The People of the State of Colorado,

v.

**Defendant:**

Brooke Ann Higgins.

**Vacate the Order to Show Cause and Remand for Further Proceedings**
*en banc*
October 3, 2016

**Attorneys for Plaintiff:**
George H. Brauchler, District Attorney, Eighteenth Judicial District
Richard Orman, Senior Deputy District Attorney
 *Centennial, Colorado*

**Attorneys for Defendant:**
Zonies Law LLC
Sean Connelly
 *Denver, Colorado*

Eytan Nielsen LLC
Iris Eytan
 *Denver, Colorado*

The McGuire Law Office, LLC
Kathleen McGuire
 *Denver, Colorado*

**CHIEF JUSTICE RICE** delivered the Opinion of the Court.
**JUSTICE BOATRIGHT** does not participate.

¶1     This companion case to <u>People v. Johnson</u>, 2016 CO 69, __ P.3d __, raises two questions. First, does a trial court have statutory authority to order a juvenile charged as an adult to undergo a state-administered mental health assessment for a reverse-transfer proceeding? We answered that question in the negative in <u>Johnson</u>, but we do not answer that question here because it is hypothetical—the question is not based on the facts of this case. Second, is a trial court required, before a mental health assessment, to provide a juvenile with warnings based on the Fifth Amendment right against self-incrimination? We do not answer that question as well, because (1) Higgins consented to the evaluation while represented by counsel, and (2) any claims that ineffective assistance of counsel vitiated Higgins's consent are premature. Therefore, we vacate the order to show cause and remand the case for further proceedings.

## I.  Facts and Procedural History

¶2     This controversy began when the petitioner–defendant, Brooke Higgins, was a juvenile respondent in front of a magistrate judge on December 17, 2015. The district attorney requested, and Higgins's then-defense-counsel agreed to, a state-administered mental health assessment[1] of Higgins. Because the parties agreed, the magistrate judge ordered the mental health assessment.

¶3     On January 14, 2016, now in front of trial court Judge King, the district attorney dismissed the juvenile charges against Higgins and charged her as an adult with two counts of conspiracy to commit murder. Higgins sought, and the trial court granted, a

---

[1] We use the term "mental health assessment" to cover all mental health or psychological screenings or assessments.

2

reverse-transfer hearing to determine whether she should remain in adult court or return to juvenile court. On January 21, 2016, before the reverse-transfer hearing occurred, Higgins, represented by different counsel, filed a motion to suppress the mental health assessment and disqualify Judge King. Judge King denied both requests, reasoning that, notwithstanding the parties' stipulation to the state mental health assessment, there was independent statutory authority for the magistrate judge to order a state mental health assessment of Higgins.

¶4 Higgins then petitioned this court for relief under C.A.R. 21, arguing that (1) the trial court lacked authority to order a juvenile charged as an adult to undergo a mental health assessment for a reverse-transfer proceeding, and (2) the United States Constitution precludes such orders and requires the trial court to advise a juvenile of her Fifth Amendment rights in such an assessment. We issued a rule to show cause.

## II. Original Jurisdiction

¶5 "This court will generally elect to hear C.A.R. 21 cases that raise issues of first impression and that are of significant public importance." People v. Steen, 2014 CO 9, ¶ 8, 318 P.3d 487, 490. We granted review in this case as a companion to People v. Johnson, 2016 CO 69. This case raises two issues of first impression. First, one of the issues we considered in Johnson, whether a trial court may order a juvenile who requested a reverse-transfer hearing to submit to a mental health assessment by a state doctor. Second, whether the Constitution requires a trial court to advise a juvenile of her Fifth Amendment rights before such an assessment.

3

¶6     These issues are of significant public importance because they will impact when a district attorney files adult charges against a juvenile and when a trial court may order mental health assessments for juveniles. Therefore, original relief is appropriate in this case.

## III. Standard of Review

¶7     The interpretation of statutes and the United States Constitution are questions of law, which we review de novo. See Bostelman v. People, 162 P.3d 686, 689 (Colo. 2007).

## IV. Analysis

¶8     Under section 19-2-517(1), C.R.S. (2016), district attorneys have the power to direct file adult criminal charges against a juvenile. After a district attorney has direct filed against a juvenile, the juvenile can request a reverse-transfer hearing—seeking transfer of the case to juvenile court—pursuant to section 19-2-517(3). After a juvenile requests a reverse-transfer hearing, the trial court "shall consider" eleven factors to decide whether it should reverse-transfer the case to juvenile court. See § 19-2-517(3)(b). Of those factors, one is relevant to this appeal: Section 19-2-517(3)(b)(VI) states that the trial court shall consider "[t]he current and past mental health status of the juvenile as evidenced by relevant mental health or psychological assessments or screenings that are made available to both the district attorney and defense counsel." Here, we first consider whether a trial court may order a juvenile who requested a reverse-transfer hearing to submit to a mental health assessment by a state doctor. Next, we consider whether the U.S. Constitution requires trial courts to advise a juvenile of her Fifth Amendment rights before such an assessment.

4

## A. We do not reach the first issue because it did not occur in Higgins's case.

¶9      Higgins asks this court to decide whether the trial court possessed authority to order a juvenile to submit to a state mental health assessment. We answered that question in the negative in <u>Johnson</u>, 2016 CO 69, but we decline to address that question here. Higgins was not ordered by a trial court to undergo a state mental health assessment. Rather, Higgins (via defense counsel) agreed to submit to the state mental health assessment while in front of a magistrate judge in juvenile court. Because we do not "give advisory opinions based on hypothetical fact situations," we decline to decide Higgins's first issue. <u>Tippett v. Johnson</u>, 742 P.2d 314, 315 (Colo. 1987).

## B. We do not reach the second issue because it is premature.

¶10      Higgins argues that the mental health assessment should be suppressed because (1) the trial court did not provide Fifth Amendment warnings prior to the mental health assessment, and (2) any consent Higgins gave to the mental health evaluation was vitiated by her defense counsel's ineffective assistance in violation of Higgins's Sixth Amendment rights. Because these arguments are premature, we decline to reach them.

¶11      First, the Fifth Amendment to the U.S. Constitution guarantees that no person "shall be compelled in any criminal case to be a witness against [her]self." But we decline to reach Higgins's claimed deficient Fifth Amendment warnings because Higgins consented to the state mental health evaluation and had defense counsel to provide her advice. The cases Higgins cites for her argument that her Fifth Amendment rights were violated by a lack of warning from the trial court are distinguishable,

because in those cases the defendant either (1) objected to the mental health assessment but was forced to participate anyway or (2) did not have access to counsel at the time the trial court ordered the assessment. See, e.g., People v. Branch, 805 P.2d 1075, 1084 (Colo. 1991) (requiring trial court to give defendant warnings when he did not have counsel present); People in Interest of A.D.G., 895 P.2d 1067, 1073 (Colo. App. 1994) (holding that court could not force juvenile to submit to state psychological examination after juvenile objected).

¶12 Second, the Sixth Amendment guarantees that a defendant have access to effective assistance of counsel. Carmichael v. People, 206 P.3d 800, 805 (Colo. 2009). But we do not consider Higgins's argument that her consent to the mental health evaluation was vitiated by ineffective assistance of counsel in violation of her Sixth Amendment rights because that argument is premature. To show ineffective assistance of counsel, a defendant must show that (1) an attorney's performance was "deficient," and (2) the defendant suffered prejudice as a result of this deficient performance. Id. at 805–06 (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "The prejudice determination is a mixed question of law and fact." Id. at 807. A finding of ineffective assistance of counsel requires findings of fact that have yet to occur, and "[a]s an appellate court, we will not engage in fact finding." People v. Matheny, 46 P.3d 453, 462 (Colo. 2002). Therefore, we do not decide Higgins's second issue.

## V. Conclusion

¶13 We do not reach either of Higgins's arguments. The first argument is based on a hypothetical fact situation. The second argument is premature and would require this

6

court to improperly engage in fact finding.  Therefore, we vacate the order to show cause and remand the case for further proceedings.

**JUSTICE BOATRIGHT** does not participate.